UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERC CREDIT USA, a Wyoming corporation<br><br>Plaintiff<br>v.<br>WOLF LAKE FINANCIAL L.L.C., an Indiana limited liability company; WOLF LAKE TERMINALS, INC., a Missouri corporation; POST WAREHOUSE CORP., an Indiana corporation; SLM PROPERTIES, LLC, an Indiana limited liability company; TANCO CLARK MARITIME, LLC, an Indiana limited liability company; TANCO TERMINALS, INC., an Indiana corporation; LONG-MIDDENDORF WAREHOUSE CORP., an Indiana corporation d/b/a Wolf Lake Industrial Centre<br><br>Defendants | CAUSE NO: 2:23-cv-00219 |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendants Wolf Lake Financial L.L.C.; Wolf Lake Terminals, Inc.; Post Warehouse Corp., SLM Properties, LLC; Tanco Clark Maritime, LLC; Tanco Terminals, Inc.; Long-Middendorf Warehouse Corp d/b/a Wolf Lake Industrial Centre, by counsel David A. Buls of Krieg DeVault LLP, for their Answer to Plaintiff's Complaint state as follows:

### ANSWER TO COMPLAINT

1. This matter arises from Defendants' collective failures to pay ERC Credit USA for services rendered and benefits received pursuant to applicable contracts.

**ANSWER:** Deny

### PARTIES AND VENUE

2. ERC Credit USA is a Wyoming limited liability company with a principal place of business at 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming 82001.

**ANSWER:** Admit

3. Defendant, Wolf Lake Financial, L.L.C, is an Indiana limited liability company with a principal place of business at 3200 Sheffield Avenue, Hammond, Lake County, Indiana 46327.

ANSWER: Admit

4. Defendant, Wolf Lake Terminals, Inc., is a Missouri corporation with a principal place of business at 3200 Sheffield Avenue, Hammond, Lake County, Indiana 46327, and a registered agent at 111 South 9th Street, Suite 200, Columbia, Missouri 65201-4891.

ANSWER: Admit

5. Defendant, Post Warehouse Corp., is an Indiana corporation with a principal place of business at 3200 Sheffield Avenue, Building 3, Hammond, Lake County, Indiana 46327.

ANSWER: Admit

6. Defendant, SLM Properties, LLC, is an Indiana limited liability company with a principal place of business at 350 Landmark Avenue, Bloomington, Monroe County, Indiana 47403.

ANSWER: Amit

7. Defendant, Tanco Clark Maritime, LLC, is an Indiana limited liability company with a principal place of business at 3200 Sheffield Avenue, Building 3, Hammond, Lake County, Indiana 46327.

ANSWER: Amit

8. Defendant, Tanco Terminals, Inc., is an Indiana corporation with a principal place of business at 3200 Sheffield Avenue, Building 3, Hammond, Lake County, Indiana 46327.

ANSWER: Admit

9. On information and belief, Defendant, Long-Middendorf Warehouse Corp., is a Missouri corporation doing business as Wolf Lake Industrial Centre at 3200 Sheffield Avenue, Hammond, Lake County, Indiana 46327.

ANSWER: Admit

10. Jurisdiction is proper because this action is between parties and arises from transactions located within Lake County, Indiana.

**ANSWER: Jurisdiction is proper in the United States District Court for the Northern District of Indiana, Hammond Division.**

11. Venue is proper under Section 9 of the Contracts for Services because the parties agreed that any contractual dispute shall be decided in accordance with Indiana Law. (See attached Exhibit A through G at Section 9, "Venue and Choice of Law").

**ANSWER:** Venue is proper in in the United States District Court for the Northern District of Indiana, Hammond Division.

## FACTUAL BACKGROUND

12. In response to the COVID-19 crisis adversely affecting the economic and employment markets, the United States Internal Revenue Service (the "IRS") created the so-called "Employee Retention Credit" (the "ERC").

**ANSWER:** Admit

13. ERCs are refundable tax credits for businesses that shut down due to COVID-19 but continued to pay employees.

**ANSWER:** Admit

14. ERCs are also available to businesses who suffered significant declines in gross receipts from March 13, 2020, to December 31, 2021.

**ANSWER:** Admit

15. Eligible employers can claim an ERC on an original or adjusted employment tax return for a period within those dates.

**ANSWER:** Admit

16. To obtain an ERC rebate, an entity must prepare and submit a series of documents to the IRS.

**ANSWER:** Admit

17. At all relevant times, ERC Credit USA was in the business of assisting entities with ERC claims.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and therefore deny the same.

18. Jim Reed signed a series of Contracts for Services on behalf of Defendants. (See attached Exhibit A through G).

   a. On August 15, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Post Warehouse Corporation. (See attached Exhibit A).
   b. On August 19, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Tanco Terminals, Inc. (See attached Exhibit B).
   c. On August 19, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Tanco Clark Maritime, LLC. (See attached Exhibit C).
   d. On September 1, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, SLM Properties, LLC. (See attached Exhibit D).

e. On September 1, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Long Middendorf Corp. (See attached Exhibit E).
f. On September 7, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Wolf Lake Terminals, Inc. (See attached Exhibit F).
g. On September 7, 2022, Jim Reed signed a Contract for Services on behalf of Defendant, Wolf Lake Financial, L.L.C. (See attached Exhibit G).

**ANSWER:** Admit

19. The Contracts for Services provided that ERC Credit USA would provide a qualification document to enable the client to self-validate its eligibility for the Employee Retention Tax Credit (ERTC), calculate wage attribution and compensation, create attribution schedules detailing wage allocation to Payroll Protection Program (PPP) Loan forgiveness and wage allocation to the ERTC, and prepare quarterly returns for the client along with other document(s) needed to claim the ERTC with the IRS. (See Exhibit A through G at Section l, "Scope of Services").

**ANSWER:** Admit

20. The Contracts for Services required the Defendants to provide ERC Credit USA with quarterly 941 tax filings, company provided health care cost information, and PPP Loan and Loan forgiveness details. (See Exhibit A through G at Section 2, "Client Responsibilities")

**ANSWER:** Admit

21. The Contracts for Services entitled ERC Credit USA to a fee of from all funds which Defendants received from the IRS. (See Exhibit A through G at Section 5 "Payment Terms").

**ANSWER:** Deny

22. The Contracts for Services required Defendants to issue payment to ERC Credit USA within seventy-two (72) hours of receiving the refund check from the IRS. (See Exhibit A through G at Section 7 "Default Remedies — Nonpayment by Client").

**ANSWER:** Deny

23. The Contracts for Services provided that ERC Credit USA was permitted to interest and penalties for delinquent balances at a rate of 0.05% per day, and 18% per annum. (See Id.).

**ANSWER:** Deny

24. The Contract also provided that ERC Credit USA was permitted to collect to all attorney's fees and costs incurred by collecting on delinquent balances. (See Id.).

**ANSWER:** Deny

25. After executing the Contracts of Services, ERC Credit USA prepared all necessary materials for Defendants to claim ERCs.

**ANSWER:** Deny

26. ERC Credit USA submitted all necessary materials for Defendants to claim ERCs to the IRS.

**ANSWER:** Deny

27. IRS accepted and approved the materials submitted by ERC Credit USA on behalf of Defendants.

**ANSWER:** Deny

28. Upon information and belief, as a result, the IRS provided ERC payments to Defendants.

**ANSWER:** Deny

29. Defendants did not provide payments to ERC Credit USA pursuant to the Contracts for Services.

**ANSWER:** Deny

<u>COUNT 1 - BREACH OF CONTRACT</u>
(Post Warehouse Corp.)

30. ERC Credit USA re-alleges and incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to all previous allegations.**

31. ERC Credit USA entered into a Contract for Services with Defendant, Post Warehouse Corp. (See attached Exhibit A).

**ANSWER:** **Admit**

32. ERC Credit USA subsequently fully performed its obligations under the Contract for Services with Defendant, Post Warehouse Corp.

**ANSWER:** Deny

33. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Post Warehouse Corp., received ERTC payments in the amount of at least $564,490.72 from the IRS.

**ANSWER:** Deny

34. Defendant, Post Warehouse Corp., failed to pay ERC Credit USA 15% of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER:    Deny**

35. Defendant, Post Warehouse Corp., breached the Contract for Services.

**ANSWER:    Deny**

36. Upon information and belief, as a direct and proximate result of Defendant, Post Warehouse Corp.'s breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages in the amount of at least $84,673.60.

**ANSWER:    Deny**

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT II - BREACH OF CONTRACT
(Tanco Terminals, Inc.)

37. ERC Credit USA re-alleges and incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

**ANSWER:    Defendants re-allege their responses to all previous allegations.**

38. ERC Credit USA entered into a Contract for Services with Defendant, Tanco Terminals, Inc. (See attached Exhibit B).

**ANSWER:    Admit**

39. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER:    Deny**

40. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Tanco Terminals, Inc., received ERTC payments in the amount of at least $411,554.21 from the IRS.

**ANSWER:    Deny**

41. Defendant, Tanco Terminals, Inc., failed to pay ERC Credit USA 15% of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER:    Deny**

6

42. Defendant, Tanco Terminals, Inc., breached the Contract for Services.

**ANSWER: Deny**

43. Upon information and belief, as a direct and proximate result of Defendant, Tanco Terminals, Inc.'s, breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages in the amount of at least $61,733.13.

**ANSWER: Deny**

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT III - BREACH OF CONTRACT
(Tanco Clark Maritime, LLC)

44. ERC Credit USA re-alleges and incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

**ANSWER: Defendants re-allege their responses to all previous allegations.**

45. ERC Credit USA entered into a Contract for Services with Defendant, Tanco Clark Maritime, LLC. (See Attached Exhibit C).

**ANSWER: Admit**

46. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER: Deny**

47. Upon information and belief as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Tanco Clark Maritime, LLC, received ERTC payments from the IRS.

**ANSWER: Deny**

48. Defendant, Tanco Clark Maritime, LLC, failed to pay ERC Credit USA 15% of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER: Deny**

49. Defendant, Tanco Clark Maritime, LLC, breached the Contract for Services.

**ANSWER: Deny**

50. Upon information and belief, as a direct and proximate result of Defendant, Tanco Clark Maritime, LLC's, breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages due to nonpayment.

**ANSWER:** Deny

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

COUNT IV - BREACH OF CONTRACT<br>(SLM Properties, LLC)

51. ERC Credit USA re-alleges and incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to all previous allegations.**

52. ERC Credit USA entered into a Contract for Services with Defendant, SLM Properties, LLC. (See attached Exhibit D).

**ANSWER:** **Admit**

53. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER:** Deny

54. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, SLE Properties, LLC, received ERTC payments from the IRS.

**ANSWER:** Deny

55. Defendant, SLM Properties, LLC, failed to pay ERC Credit USA of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER:** Deny

56. Defendant, SLM Properties, LLC, breached the Contract for Services.

**ANSWER:** Deny

57. Upon information and belief, as a direct and proximate result of Defendant, SLM Properties, LLC's, breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages due to nonpayment.

**ANSWER:** Deny

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT V- BREACH OF CONTRACT
(Long-Middendorf Warehouse Corp.)

58. ERC Credit USA re-alleges and incorporates paragraphs I through 29 by reference as if fully set forth herein.

**ANSWER: Defendants re-allege their responses to all previous allegations.**

59. ERC Credit USA entered into a Contract for Services with Defendant, Long-Middendorf Warehouse Corp. (See attached Exhibit E).

**ANSWER: Admit**

60. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER: Deny**

61. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Long Middendorf Warehouse Corp., received ERTC payments from the IRS.

**ANSWER: Deny**

62. Defendant, Long-Middendorf Warehouse Corp., failed to pay ERC Credit USA 15% of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER: Deny**

63. Defendant, Long-Middendorf Warehouse Corp., breached the Contract for Services.

**ANSWER: Deny**

64. Upon information and belief, as a direct and proximate result of Defendant, Long-Middendorf Warehouse Corp.'s, breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages due to nonpayment.

**ANSWER: Deny**

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT VI - BREACH OF CONTRACT
(Wolf Lake Terminals, Inc.)

65. ERC Credit USA re-alleges and incorporates paragraphs 1 through 29 by reference as if fully set forth herein.

**ANSWER:** **Defendants re-allege their responses to all previous allegations.**

66. ERC Credit USA entered into a Contract for Services with Defendant, Wolf Lake Terminals, Inc. (See attached Exhibit F).

**ANSWER:** **Admit**

67. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER:** **Deny**

68. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Wolf Lake Terminals, Inc., received ERTC payments from the IRS.

**ANSWER:** **Deny**

69. Defendant, Wolf Lake Terminals, Inc., failed to pay ERC Credit USA 15% of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER:** **Deny**

70. Defendant Wolf Lake Terminals, Inc. breached the Contract for Services.

**ANSWER:** **Deny**

71. Upon information and belief, as a direct and proximate result of Defendant, Wolf Lake Terminals, Inc. 's, breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages due to nonpayment.

**ANSWER:** **Deny**

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT VI - BREACH OF CONTRACT
### (Wolf Lake Financial L.L.C.)

72. ERC Credit USA re-alleges and incorporates paragraphs I through 29 by reference as if fully set forth herein.

**ANSWER: Defendants re-allege their responses to all previous allegations.**

73. ERC Credit USA entered into a Contract for Services with Defendant, Wolf Lake Financial L.L.C. (See attached Exhibit G).

**ANSWER: Admit**

74. ERC Credit USA subsequently fully performed its obligations under the Contract for Services.

**ANSWER: Deny**

75. Upon information and belief, as a result of ERC Credit USA fully performing its obligations under the Contract for Services Defendant, Wolf Lake Financial L.L.C., received ERTC payments from the IRS.

**ANSWER: Deny**

76. Defendant, Wolf Lake Financial L.L.C., failed to pay ERC Credit USA of all funds received from the IRS as provided by Section 5 of the Contract for Services.

**ANSWER: Deny**

77. Defendant, Wolf Lake Financial L.L.C., breached the Contract for Services identified herein.

**ANSWER: Deny**

78. Upon information and belief, as a direct and proximate result of Defendant Wolf Lake Financial L.L.C.'s breach of the Contract, ERC Credit USA suffered and continues to suffer monetary damages due to nonpayment.

**ANSWER: Deny**

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

## COUNT VII - UNJUST ENRICHMENT

(Defendants, Wolf Lake Financial L.L.C., Wolf Lake Terminals, Inc., Post Warehouse Corp., SLM Properties, LLC, Tanco Clark Maritime, LLC, Tanco Terminals, Inc., and Long-Middendorf Warehouse Corp.)

79. ERC Credit USA re-alleges and incorporates paragraphs 1 through 78 by reference as if fully set forth herein.

**ANSWER: Defendants re-allege their responses to all previous allegations.**

80. ERC Credit USA rendered a measurable benefit to Defendants by applying for ERTCs.

**ANSWER: Deny**

81. Defendants received a measurable benefit by accepting checks from the IRS for ERTCs.

**ANSWER: Deny**

82. ERC Credit USA reasonably expected payment of 15% commission pursuant to the Contracts for Services.

**ANSWER: Deny**

83. Allowing Defendants to retain the benefit of all proceeds from the IRS would be unjust.

**ANSWER: Deny**

84. Defendants unjustly enjoyed and retained the benefit of ERTCs received from the IRS.

**ANSWER: Deny**

85. Retention of these benefits by Defendants are to the unjust detriment of ERC Credit USA, and unjustly enriches Defendants.

**ANSWER: Deny**

86. Defendant's retention of assets and funds from the IRS violates the fundamental principles of justice, equity, and good conscience, and ERC Credit USA has no adequate remedy at law.

**ANSWER: Deny**

87. As a result of such unjust enrichment, Defendants are obligated to repay all amounts they have unjustly enjoyed and retained, and any and all benefits flowing from those assets that were wrongly retained and interest at the maximum legal rate.

**ANSWER:** Deny

WHEREFORE, Defendants pray Plaintiff take nothing by way of its Complaint and for all other appropriate relief.

Respectfully submitted,

/s/ David A. Buls
David A. Buls (#17890-64)
J. Brian Hittinger (#16428-64)
KRIEG DeVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Ph: (219) 227-6100
Fax: (219) 227-6101
dbuls@kdlegal.com
jhittinger@kdlegal.com
*Attorneys for Defendants*

## DEFENDANTS' COUNTERCLAIM

1. Jurisdiction and venue for *Defendants' Counterclaim* are proper in the United States District Court for the Northern District of Indiana, Hammond Division because the parties and allegations arise from the same transactions as those referenced in the *Complaint*.

2. Plaintiff entered a series of written contracts entitled, *Contracts for Services* with Defendants, copies of which are attached to the *Complaint* as Exhibit A through Exhibit G (collectively, "Contracts"). The Contracts require Plaintiff to provide certain accounting and financial services and to otherwise interact with the Internal Revenue Service ("IRS") relating to Employee Retention Tax Credits ("ERTC"), on behalf of Defendants.

3. After Plaintiff prepared and filed various documents with the IRS relating to Defendants' ERTC for the years 2020 and 2021, it was discovered that the information supplied by Plaintiff to the IRS on behalf of Defendants was not prepared correctly.

## Count I - Professional Negligence

4. When preparing and filing Defendants' ERTC information with the IRS, Plaintiff owed a duty of reasonable care to act in accordance with established standards for accounting and financial professionals.

5. Plaintiff breached its duty of reasonable care owed to Defendants by incorrectly preparing and filings Defendants' ERTC information with the IRS.

6. As a direct and proximate result of Plaintiff's professional negligence, Defendants sustained damages of a substantial nature, including but not limited to: (a) costs associated with engaging accounting and legal professionals to correct Plaintiff's defective work; (b) penalties and interest imposed by the IRS; and (c) the loss of money in the form of IRS refund checks improperly received and held by Plaintiffs.

## Count II – Breach of Contract & Warranty

7. The Contracts require Plaintiff to prepare and file Defendants' ERTC information with the IRS "consistent with applicable statutes, rules and regulations and in an acceptable form and format to the IRS."

8. Paragraph 4 of the Contracts contains a warranty requiring Plaintiff to prepare Defendants' ERTC information "in a professional manner, compliant with applicable statutes and program regulations, and free of any material errors or material defects."

9. Defendants' ERTC filings with the IRS prepared by Plaintiff were not prepared in a professional manner; were not compliant with applicable statutes, rules and regulations; were not free from material errors and defects; and were not in an acceptable form and format to the IRS.

10. As a foreseeable result of Plaintiff's breach of the Contracts and warranties contained therein, Defendants sustained damages of a substantial nature, including but not limited

to: (a) costs associated with engaging accounting and legal professionals to correct Plaintiff's defective work; (b) penalties and interest imposed by the IRS; and (c) the loss of money in the form of IRS refund checks improperly received and held by Plaintiffs.

### Count III – Breach of Fiduciary Duty

11. Plaintiff's obligation to prepare and file Defendants' ERTC with the IRS formed a special relationship with Defendants.

12. Plaintiff's special relationship with Defendants allowed Plaintiff to prepare IRS tax filings on behalf of Defendants and obtain IRS refund checks owed to Defendants.

13. By preparing defective IRS tax filings on behalf of Defendants and taking IRS refund checks belonging to Defendants, Plaintiff breached its fiduciary duty to Defendants.

14. As a direct and proximate result of Plaintiff's breach of fiduciary duty, Defendants sustained damages of a substantial nature, including but not limited to: (a) costs associated with engaging accounting and legal professionals to correct Plaintiff's defective work; (b) penalties and interest imposed by the IRS; and (c) the loss of money in the form of IRS refund checks improperly received and held by Plaintiffs.

### Count IV – Conversion

15. Upon information and belief, Plaintiff received and is holding IRS refund checks owned by Defendants.

16. Plaintiff knows or should know the IRS refund checks were improperly obtained and now is intentionally exerting unauthorized control over the funds which belong to Defendants.

17. As a direct and proximate result of Plaintiff converting said funds, Defendants sustained damages of a substantial nature.

18. Under I.C. 34-24-3-1 Defendants are entitled to recover from Plaintiff: (a) an amount not to exceed three times the actual damages sustained by Defendants; (b) the costs

including but not limited to travel expenses and witness fees of this action; and (c) reasonable attorney fees.

WHEREFORE, Defendants pray for judgment against Plaintiff in an amount commensurate with actual damages, treble damages, costs, attorney fee and all other just and proper relief in the premises.

Respectfully submitted,

*/s/ David A. Buls*
David A. Buls (#17890-64)
J. Brian Hittinger (#16428-64)
KRIEG DeVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Ph: (219) 227-6100
Fax: (219) 227-6101
dbuls@kdlegal.com
jhittinger@kdlegal.com
*Attorneys for Defendants*