UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERC CREDIT USA, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | )  No: 2:23 CV 219 |
| | ) |
| WOLF LAKE FINANCIAL LLC, *et al.*, | ) |
| | ) |
| Defendants/Counter-Claimants. | ) |

**OPINION and ORDER**

This matter is before the court on plaintiff ERC Credit USA's motion to remand and motion to dismiss Count IV of defendants' counterclaim.[1] (DE ## 12, 18.) For the reasons that follow, both motions are denied.

**I.   BACKGROUND**

In May of 2023, plaintiff ERC Credit USA filed this breach of contract action in the Lake Superior Court against defendants Wolf Lake Financial LLC, Wolf Lake Terminals, Inc., Post Warehouse Corp., SLM Properties, LLC, Tanco Clark Maritime LLC, Tanco Terminals, Inc., and Long-Middendorf Warehouse Corp. d/b/a Wolf Lake Industrial Centre. (DE # 5.) Defendants removed the case to federal court in June of 2023. (DE # 1.) Defendants' notice of removal alleged that this court has jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.*)

---

[1] For purposes of clarity and readability, throughout this Opinion and Order the parties will be referred to by their position in the complaint, not the counterclaim – i.e. ERC Credit USA will be referred to as "plaintiff," rather than "plaintiff/counter-defendant" or "counter-defendant."

Defendants also filed a number of counterclaims against plaintiff. (DE # 8.) Defendants allege that plaintiff and defendants entered into a series of contracts under which plaintiff would provide accounting and financial services with the IRS on behalf of defendants. (*Id.* at 13.) Defendants allege that the information plaintiff supplied to the IRS was not prepared correctly. (*Id.*) Count IV of the counterclaim alleges that: plaintiff is liable for conversion because plaintiff received and is holding defendants' IRS refund checks; that plaintiff knows or should know that the refund checks were improperly obtained; and that plaintiff is exerting unauthorized control over funds that belong to defendants. (*Id.* at 15.)

Plaintiff now moves to remand this case back to state court (DE # 12), and also moves to dismiss Count IV of the counterclaim on the basis that it fails to state a claim. (DE # 18.) This matter is fully briefed and is ripe for ruling.

**II.    DISCUSSION**

*A.    Motion for Remand*

Unless Congress provides otherwise, a state claim can be removed to federal court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998). "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th

2

Cir. 2009); *see also Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity and amount-in-controversy requirements are met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Complete diversity exists when no defendant shares the same state citizenship as any plaintiff. *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

In its motion for remand, plaintiff correctly asserts that defendants' notice of removal fails to identify the citizenship of the defendants, because it does not identify the citizenship of each member of each LLC defendant, and does not identify where each corporate defendant has its principle place of business and is incorporated. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business[.]"). In response, defendants provided supplemental jurisdictional allegations and evidence. (DE # 21-1.) In its reply, plaintiff does not dispute that complete diversity exists, but instead insists that this case should nevertheless be remanded because the additional jurisdictional information was not provided within 30 days of removal. *See* 28 U.S.C. § 1446.

The court first considers plaintiff's claim that the notice of removal was deficient because it failed to properly identify the citizenship of the parties. Plaintiff appears to

3

take two separate concepts (the requirement for complete diversity, and the burden on the removing party to ultimately establish complete diversity) to mean that the removing party must establish complete diversity *in the notice of removal*. Yet, plaintiff does not cite any binding authority for this position. Section 1446 requires a notice of removal to contain "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Defendants' notice of removal states that this court has original jurisdiction over this matter pursuant to § 1332(a) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000. (DE # 1.) Plaintiff has not provided any reason to believe that more was required of defendants in the notice of removal. *See Birch Hill Real Est. LLC v. Breslin*, No. 19-C-426, 2019 WL 2913183, at *5 (E.D. Wis. July 8, 2019), reconsideration granted on other grounds, No. 19-C-426, 2019 WL 4278505 (E.D. Wis. Sept. 10, 2019).

Next, the court considers plaintiff's argument that defendants' failure to timely amend its notice of removal, to identify the citizenship of the parties, justifies remand. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Seventh Circuit has held that, while the 30 day time limit identified in § 1446(b) is said to be strictly construed, the time limit is not jurisdictional and amendments to correct defective jurisdictional allegations are permitted under § 1653 at any time. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993), holding modified on other grounds by *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006). " 'The question is whether [the petition for removal] was so

4

defective as to be incurable.' " *Id.* (quoting *Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 80 (1903)); *see also Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 654 (7th Cir. 1998), abrogated on other grounds by *Kaiser v. Johnson & Johnson*, 947 F.3d 996 (7th Cir. 2020) (permitting amendment of notice of removal on appeal to identify citizenship, where jurisdiction was not contested). District courts in this Circuit have held that a defendant's failure to correctly identify the citizenship of a party in its notice of removal is curable, and an untimely amendment of the notice was permissible. *See e.g. Johnson v. Edward Orton Jr. Ceramic Found.*, No. 19 CV 06937, 2019 WL 6877556, at *2 (N.D. Ill. Dec. 17, 2019); *Pinnacle Performance v. Garbis*, No. 12 C 1136, 2012 WL 1378673, at *3 (N.D. Ill. Apr. 20, 2012); *Howell v. Joffe*, 478 F. Supp. 2d 1014, 1018 (N.D. Ill. 2006); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 837 (S.D. Ill. 2006).

The court finds that, pursuant to § 1653 and *Shaw*, it is appropriate to permit defendants to amend their notice of removal to properly indicate the citizenship of the parties. However, while plaintiff does not contest the existence of diversity jurisdiction, defendants' filings have not yet established complete diversity. Defendants have provided evidence as to the residence of the members of the LLC defendants, not the members' citizenship. "[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Citizenship, for natural persons, "depends on domicile—that is to say, the state in which a person intends to live over the long run."

5

*Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Defendants must file an amended notice of removal, properly identifying the citizenship of all parties.

  B.  *Motion to Dismiss*

Plaintiff argues that Count IV of defendants' counterclaim should be dismissed for failure to state a claim. Plaintiff argues that defendants do not allege that plaintiff is in possession of actual property belonging to defendants, or that plaintiff's control over the checks is unauthorized. (DE # 19 at 2.) Plaintiff also argues that because defendants claim that the documents submitted to the IRS were not properly prepared, defendants cannot also allege that the refund checks that resulted from those IRS filings belong to them. (*Id.*)

Plaintiff's motion is without merit, as it largely ignores both the federal notice-pleading standard and the actual allegations made in Count IV. Defendants allege that plaintiff is wrongfully withholding IRS checks that belong to them. Under Indiana law, "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." Ind. Code § 35-43-4-3 (a).[2] Count IV states a claim for conversion under the liberal notice-pleading standard. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] A plaintiff may recover pecuniary losses stemming from criminal conversion in a civil suit, under the Indiana Crime Victim's Relief Act, Ind. Code § 34-24-3-1, even if the perpetrator is never convicted of the crime.

## III.  CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiff's motion to remand (DE # 12) and plaintiff's motion to dismiss (DE # 18). Defendants are **GRANTED** until **March 22, 2024**, to file an amended notice of removal, as set forth in this Opinion and Order.

**SO ORDERED.**

Date: March 15, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT