UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERC CREDIT USA, a Wyoming Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:23-cv-219 |
| WOLF LAKE FINANCIAL LLC, an Indiana Limited Liability Company, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |
| WOLF LAKE FINANCIAL LLC, an Indiana Limited Liability Company, *et al.*, | ) ) ) ) |
| Counter-Plaintiffs, | ) ) |
| v. | ) ) |
| ERC CREDIT USA, a Wyoming Corporation, | ) ) ) |
| Counter-Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the court *sua sponte*. ERC Credit USA[1] is an unrepresented corporation proceeding as a plaintiff in this case. The law requires that incorporated associations and artificial entities be represented by an attorney admitted to practice law. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993) ("…the law

---

[1] The Wyoming Secretary of State Business Center lists ERC Credit USA to be "Active" and in "Good Standing." See Wyoming Secretary of State Business Center, Detail ERC Credit USA, https://wyobiz.wyo.gov/business/FilingDetails.aspx?eFNum=18703921800820603814218707522705223310523915 6020 (last visited Mar. 4, 2025).

permits corporations […] and other artificial entities […] to appear in federal courts only through licensed counsel."); *U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("a corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court.").

Efforts to contact ERC Credit USA have been unsuccessful. The mailing addressed listed on the Wyoming Secretary of State Business Center is the same address this Court has for ERC Credit USA.[2] Mail was returned as undeliverable on September 6, 2024 [DE 44], and no other communications have been made by ERC Credit USA. Consequently, the court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE** pursuant to **Federal Rules of Civil Procedure and 41(b)**.

Pursuant to **28 U.S.C. § 636(b)(1)**, the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 4th day of March, 2025.

/s/ Andrew P. Rodovich  
United States Magistrate Judge

---

[2] *Id.*